# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**In Re: In Re: Lena Marie Lindberg**

Case No: 6:21-mc-163-RBD-DCI

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion to Appeal In Forma Pauperis (Doc. 22)** |
| **FILED:** | **July 10, 2023** |

**THEREON** it is **Recommended** that the motion is **DENIED**.

This matter came before the undersigned based on the Court's October 26, 2021 Order requiring the undersigned to screen Plaintiff's filings due to her pattern of filing frivolous documents. *See In Re Lena Marie Lindberg*, 6:21-mc-163-RBD-DCI, Doc 1.

Following the procedure specified by the District Judge, the undersigned reviewed Plaintiff's documents and, on May 23, 2023, entered an Order concluding that the documents "have no arguable merit or are abusive, frivolous, scandalous, or duplicative. The Clerk's Office is directed to return the original documents to Lindberg after making a copy for the Court and to otherwise follow the Court's directions set forth in 6:21-cv-1372-RBD-GJK (Doc. 20)." Doc. 17. The undersigned also revoked Plaintiff's ability to file electronically using the Court's *pro se* portal, explaining that:

> The Court has considered Lindberg's filings and other documents for years and Lindberg has continued to submit frivolous and duplicative documents that have taxed resources even after the Court ruled that her filings must be specially handled. Lindberg's use of the online portal has become abusive and improper, especially considering the many documents titled "Emergency" when such designation is not warranted.

Doc. 17 at 10.  Plaintiff did not object to that Order.

Instead, on or about June 21, 2023, Plaintiff mailed to the Court a Notice of Appeal that consisted of approximately 325 pages of documents that the Clerk of Court scanned and placed on the docket.  Doc. 18.  The Notice of Appeal is directed to the undersigned's May 23, 2023 Order. *Id*.  Then, on or about July 10, 2023, Plaintiff mailed to the Court a Motion to Proceed In Forma Pauperis that consisted 1,255 pages of documents, all of which the Clerk of Court scanned and placed on the docket.  Doc. 22 (the Motion).[1]

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3).  The good faith standard is an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issues presented are frivolous.  *Id*.  The undersigned has reviewed the Notice of Appeal, the Motion, and the documents attached to those filings.  The undersigned finds that the basis of Plaintiff's intended appeal is unclear.  That said, there is nothing in the Notice of Appeal or the Motion that demonstrates that the Court's Order was erroneous or that Plaintiff may appeal that Order directly to the Court of Appeals.  Accordingly, the undersigned finds that Plaintiff has failed to raise any issues on appeal with arguable merit and, thus, the appeal is not taken in good faith. *See also* Eleventh Circuit Court of Appeals Order of Dismissal, Doc 15 (entered March 21, 2023).

---

[1] The scanning of the voluminous, irrelevant exhibits to the Motion and the Notice of Appeal is an incredible waste of the extremely limited resources of the Clerk of Court.  Going forward, the Clerk is directed to strictly adhere to the Court's October 26, 2021 Order requiring the prescreening of any document prior to filing on the docket.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 22) be **DENIED**;

2. The Court certify the appeal is not taken in good faith; and

3. The Clerk be directed to notify the Eleventh Circuit in accordance with Fed. R. App. P. 24(a)(4).

**The Clerk is directed to send a copy of this report to Plaintiff by regular and certified mail.**

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on July 20, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy